By the Court.
After the very full consideration which has been given to the case of Hamilton v. Buckwalter, it would be a waste of time now to cite decisions respecting the right of dower, where the former husband has made a devise to his widow. Most of the cases in the books, were cited in that cause by the judges, who gave their opinions seriatim, after long advisement. There the judgment was rendered in favor of the tenant. But the present will is very dissimilar from that of John Patton, on which the determination rested. The devise to the widow, was “ of “ all his lands in Lampeter township, during her natural life of “widowhood, she making no waste thereupon ; but in case she “ married, she was then to leave the plantation, and to receive “ Sol., a horse and saddle, with her bed and bed clothes.” A freehold estate was actually devised to her, and u]Don the determination thereof, she was to relinquish the land and receive a sum of money and sundry specific articles as an equivalent.
Considering the present will as a simple question of intention, it is but mere conjecture to say, that the testator intended to bar her of dower by the devise “ of the benefits of all the real estate, “till his sons came of age to enjoy their possession.” There is no strong and necessary implication, that the widow should not have both her devise and dower. The mind in such a case, must be free of all doubts.. The devise to her is not inconsistent with, or repugnant to her claim of dower, which the bounty of the law gives her. And on the fullest reflection, we cannot perceive that the-case before us is so circumstanced, as to justify a deviation from the general rule of law ; and therefore find ourselves constrained to give judgment for the demandants. .
Brackenridge, J. was present and concurred therein.